Filed 10/4/13  In re H.K. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re H.K. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E057805 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ113002) |
| v. | OPINION |
| J.B. et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

Pamela Rae Tripp, under appointment by the Court of Appeal, for Defendant and Appellant mother.

Teri A. Kanefield, under appointment by the Court of Appeal, for Defendant and Appellant grandmother.

1

Pamela J. Walls, County Counsel, and Anna M. Deckert, Deputy County Counsel, for Plaintiff and Respondent.

I

INTRODUCTION

Mother, a chronic user of methamphetamine, has five children who were born between 1997 and 2011. The present case was initiated in June 2011. The three older children—S.K. and H.K., twins born in 1997, and M.K, born in 2000—have been under the legal guardianship of the maternal grandmother (MGM) since October 30, 2012, when dependency proceedings were terminated as to them. The two younger children— I.F., and M.S., born in 2006 and 2011—live with the prospective adoptive parent.

Mother and MGM are challenging the finding of the juvenile court made on October 30, 2012, that the children were not a sibling set. In the meantime, the court ordered termination of parental rights for I.F. and M.S. on January 10, 2013.[1] Mother has not appealed, making the issues raised in these appeals moot. We dismiss the subject appeals.

II

FACTUAL AND PROCEDURAL BACKGROUND[2]

We derive most of the facts from this court's previous opinion, E056722. The family was the subject of earlier dependency proceedings between September 2006 and

_____

[1] We grant respondent's request for judicial notice. (Evid. Code, §§ 452, 459.)
[2] All statutory references are to the Welfare and Institutions Code.

2

May 2008.

## A. 2011 Detention

CPS[3] filed a reactivated original dependency petition in June 2011, alleging

mother's wilful or negligent failure to protect or provide (§ 300, subds. (b) & (g)) and

mental illness, disability, or substance abuse. In particular, the petition alleged mother

was still using drugs and the family's residence was unsafe and unsanitary. The court

identified the children as a sibling set and ordered the children detained.

## B. Jurisdiction and Disposition

In July 2011, CPS recommended services be denied under section 361.5,

subdivision (b)(13), and a hearing be set to establish a permanent plan. CPS concluded

that mother's chronic substance abuse, dating back to 1997, made it unlikely that mother

could reunify with children. Mother admitted she had relapsed although she disagreed

that her residence was unsafe or unsanitary. Mother was living with the MGM and was

unemployed. Mother wanted all five children placed with the MGM in a one-bedroom

apartment. At the jurisdictional hearing, the court denied mother's request for

reunification services under section 361.5, subdivision (b)(13), and set a section 366.26

hearing.

## C. Selection and Implementation and Post-Permanency Status Review

In November 2011, CPS recommended adoption in the same placement as the

permanent plan for all five children. Because the MGM's one-bedroom home was

---

**3** Child Protective Services, Department of Public Social Services, County of Riverside.

3

inadequate for five children, the MGM planned to obtain a larger residence to accommodate the whole family. The older three children did not want to be adopted. The caretaker for I.F. and M.S. wished to adopt them.

During Thanksgiving 2011, the MGM had permitted the parents to have extended unauthorized contact with the children. As of December 2011, the MGM had moved into a larger residence. The house was certified in January 2012. The older three girls were placed with the MGM on February 1, 2012. CPS changed its recommendation to legal guardianship for the three older girls, adoption for the two younger children, and placement of all five children with the MGM. In February 2012, the court granted de facto parent status to C.M., the foster mother for I.F. and M.S.

In May 2012, the older children were happy living with the MGM although they wanted to return to mother. As to the two younger children, I.F. had demonstrated inappropriate sexualized behaviors and M.S. could not tolerate second-hand cigarette smoke in the MGM's home. M.S. had sustained 30 insect bites while visiting the MGM in March and April 2012. CPS recommended the older children be placed in legal guardianship with the MGM and the younger children adopted by the de facto parent.

In June 2012, the court denied mother's section 388 petition, finding no change of circumstances. The court also denied the MGM's section 388 petition, finding that the MGM's lack of judgment and her inability to provide transportation were factors not in the best interests of I.F. and M.S.[4] At the same hearing, minor's counsel for I.F. and

_____

[4] This court affirmed the denial of the section 388 petitions.

M.S. asked the court to declare the children were not a sibling set, and the juvenile court continued the matter for further hearing.

*D. Selection of a Permanent Plan*

In October 2012, CPS reported the MGM wished to assume legal guardianship of the three older children. The MGM was retired and 67 years old. She was financially capable of caring for the children. She had stopped smoking in June 2012. The older children were doing well in their placement and wished to have the MGM as their guardian, as recommended by CPS. I.F. and M.S. had been in foster care since August 2011. CPS recommended adoption by their caretaker as the permanent plan.

At the hearing on October 30, 2012, the court established a legal guardianship with the MGM for H.K., S.K, and M.K., and terminated the dependency as to them. After some discussion about whether the five children were a sibling set, the court found "the children are no longer a sibling set."

I.F. and M.S. remained in foster placement with their prospective adoptive parent and continued to have monthly visitation with mother, MGM, and their older siblings. I.F. expressed a preference for living with the foster mother.

On January 10, 2013, the juvenile court deemed I.F. and M.S. to be adoptable and terminated parental rights, freeing them for adoption. Mother and the MGM did not appeal.

III

MOOTNESS

The juvenile court terminated parental rights for I.F. and M.S. in January 2013.

5

That order is final and cannot be vacated. Appellants cannot be granted any relief on their pending appeals involving the court's October 2012 order. Therefore, their present appeal is moot. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315-1317; *In re Albert G.* (2003) 113 Cal.App.4th 132, 135.)

The substance of both appellants' appeals is that I.F. and M.S. should be placed with the MGM rather than adopted because otherwise they will not maintain sibling contact. As framed by mother: "What this entire appeal is about is the maintenance of the sibling group and the grandmother's ability to have the children placed in her home." Appellants contend the juvenile court did not have the authority to decide the children were not a sibling set and that the error may affect future orders. This is an argument that should have been raised in an appeal from the orders of January 2013. Contrary to the MGM's misrepresentation of the record, mother was present at the hearing and apparently advised of her appellate rights. However, because the selection and implementation hearing has taken place and appellants failed to appeal from the order terminating parental rights, any argument about the sibling set is moot. Additionally, to the extent appellants continue to challenge the placement of I.F. and M.S. with the foster mother instead of the MGM, these issues were already decided in the prior appeal.

Furthermore, appellants' contentions are contrary to dependency law which requires that, even when parental rights are terminated and a dependent child is placed for adoption, steps must still be taken to facilitate ongoing sibling contact. (§§ 366, 16002, subds. (a) & (c).) Therefore, because the statutes emphasize post-adoption sibling

6

contact, this is not an appeal raising important issues capable of repetition but likely to evade review. (*In re Miguel A.* (2007) 156 Cal.App.4th 389, 392.)

Finally, the record supports that any error was harmless. The older children wanted to be placed with the MGM but I.F. did not. He experienced significant trauma from his interactions with mother and the MGM. M.S. had lived with the foster mother since she was born in July 2011. To the extent sibling contact is appropriate, it will be facilitated in subsequent proceedings. But there is no grounds whatsoever for removing I.F. and M.S. and placing them with the MGM.

IV

DISPOSITION

We dismiss as moot the appeals of the order of October 30, 2012.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


KING
Acting P. J.


MILLER
J.

7